UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HUNTER D. COLLINS,

Petitioner,

v.                                                          CIVIL ACTION No. 2:16cv294

Harold W. Clarke,
DIRECTOR OF THE VIRGINIA
DEPARTMENT OF CORRECTIONS,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Hunter D. Collins ("Collins") is a Virginia inmate currently serving a thirty-six

year sentence following convictions in 2013 for first-degree murder, unlawful wounding, use of

a firearm in commission of a felony, and five counts of discharging a firearm in public.  His

federal habeas petition alleges five claims for relief.  Respondent moved to dismiss the petition,

and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28

U.S.C. §§ 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  For the reasons

outlined below, the undersigned RECOMMENDS that the court deny Collins' claims, GRANT

Respondent's motion (ECF No. 10), and DISMISS the petition.

## I.    STATEMENT OF THE CASE

On April 24, 2013, a jury sitting in the Circuit Court for the City of Norfolk found

Collins guilty of first-degree murder, unlawful wounding, use of a firearm in commission of a

felony, and five counts of discharging a firearm in public.   See Felony Trial Order,

Commonwealth v. Collins, Nos. CR12001773-04–CR12001773-11 (Va. Cir. Ct. Aug. 24, 2013).

By an order entered August 29, 2013, the circuit court sentenced Collins to a total of thirty-six

1

years in prison. Sentencing Order, <u>Commonwealth v. Collins</u>, Nos. CR12001773-04 – CR12001773-11.

Collins, by counsel, noticed his appeal to the Court of Appeals of Virginia and challenged the sufficiency of the evidence to support his convictions. <u>Collins v. Commonwealth</u>, No. 1656-13-1 (Va. Ct. App. Mar. 13, 2014) (per curiam).[1] The Court of Appeals denied his appeal, holding that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of first-degree murder, use of a firearm in commission of a felony, and five counts of discharging a firearm in public." <u>Id.</u> at 3. The Supreme Court of Virginia refused Collins' petition for appeal on August 12, 2014. <u>Collins v. Commonwealth</u>, No. 140562 (Va. Aug. 12, 2014).

On June 12, 2015, Collins filed a petition for a writ of habeas corpus in the Circuit Court for the City of Norfolk. The majority of his claims stem from a juror, DeNessa Cobbs ("juror Cobbs"), being excused after she revealed to the court that she was familiar with friends and relatives of the deceased victim, and had seen information about the case prior to becoming a juror. Collins challenged his convictions on five grounds:

> (1) His counsel was constitutionally ineffective because they should have further questioned the juror DeNessa Cobbs after she answered the court about what she told other jurors about her knowledge of the case.
>
> (2) His counsel was constitutionally ineffective because they should have made a <u>Batson</u> motion based on gender.
>
> (3) His counsel was constitutionally ineffective because they should have polled the jury about its verdict.
>
> (4) His counsel was constitutionally ineffective because they should have asked each member of the jury about whether or not juror Cobbs discussed her personal views and connections to the case.

---

[1] The Court of Appeals did not review Collins' conviction for unlawful wounding because it was not properly identified in his appeal. <u>See</u> <u>Collins v. Commonwealth</u>, No. 1656-13-1, 1 (Va. Ct. App. Mar. 13, 2014) (per curiam).

(5) There was insufficient evidence to convict him of first-degree murder.

See Mem. Supp. State Habeas Petition ¶¶ 2, 16, 23, 24-25, 26.

On August 27, 2015, the Norfolk Circuit Court entered a Final Order granting Respondent's motion to dismiss Collins' petition. Collins v. Clarke, No. CL15006236-00 (Va. Cir. Ct. Aug. 27, 2015). On each of his ineffective assistance of counsel claims, the Norfolk Circuit Court found that Collins did not satisfy either the "performance" or "prejudice" prongs of Strickland v. Washington, 466 U.S. 668, 687 (1984). See id. As to the first claim, the court concluded that defense counsel made a "reasonable strategic decision not to question Ms. Cobbs further" after she responded to questions from the court itself, and that the decision fell within the "wide range" of professional assistance. Id. at 6. Further, Collins failed to provide any evidence that the jury had been "tainted" or received improper information such that a mistrial was warranted. Id. As to his second claim, the court concluded that defense counsel's decision to pursue a Batson[2] challenge on race instead of gender was strategic, and that "'counsel is not ineffective because he overlooks one strategy while vigilantly pursuing another.'" Id. at 7 (quoting Williams v. Kelly, 816 F.2d 939, 950 (4th Cir. 1987)). The court also noted that the trial court records revealed gender-neutral reasons for striking each of male jurors. Id. at 8. As a result, the court explained that Collins had failed to demonstrate that a Batson challenge would have been successful or ultimately led to a different result of the proceedings. Id. at 9.

As to his third claim, the court stated that unless there was some reason to believe that polling of the jury would be useful, defense counsel's failure to do so was not ineffective assistance. Id. at 10 (citing United States v. Costa, 691 F.2d 1358, 1363-64 (11th Cir. 1982); United States v. Gerardi, 586 F.2d 896, 899 (1st Cir. 1978)). Further, the court highlighted that

---

[2] Batson v. Kentucky, 476 U.S. 79 (1986).

Collins had failed to demonstrate why polling the jury was necessary and how it would have changed the results of the proceeding. Id. at 11. In considering his fourth claim, the court stated that defense counsel's decision not to question jurors about what juror Cobbs might have told them was not ineffective assistance of counsel because the trial court had already questioned Cobbs about what she told the jury. In addition to defense counsel's decision falling within the "wide range" of professional assistance, the court found Collins failed to demonstrate that juror Cobbs had shared any details about her pre-existing knowledge, or that the jury was impartial as a result. Finally, the court dismissed Collins' insufficiency of the evidence claim because he had already made that argument on appeal, and "'[a] non-jurisdictional issue raised and decided either in the trial or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding.'" Id. at 12 (quoting Henry v. Warden, 576 S.E.2d 495, 496 (Va. 2003)). Moreover, the court stated that, to the extent Collins raised an actual innocence claim by claiming he did not fire the shot that killed the victim, that is not cognizable in habeas corpus. Id. (citing Juniper v. Warden, 707 S.E.2d 290, 310 (Va. 2011)).

Proceeding pro se, Collins filed an appeal of the circuit court's dismissal in the Supreme Court of Virginia on November 2, 2015. See Petition for Appeal, Collins v. Clarke, No. 151655 (Va. Apr. 20, 2016). He assigned the following errors to the circuit court's decision:

> (1) The Habeas Court committed reversible error in denying and dismissing Petition without considering Petitioners Claim of Ineffective Assistance of Counsel denying Petitioners Sixth Amendment Right.
>
> (2) The Habeas Court committed reversible error in denying and dismissing Petition without considering the fact that Counsel should have further question Juror Denessa Cobbs on what she told other Jurors about her knowledge of the case.
>
> (3) The Habeas Court committed reversible error in denying and dismissing Petition without considering that Counsel should have made a Batson motion based on gender.

4

> (4) The Habeas Court committed reversible error in denying and dismissing Petition without considering that Counsel was not Ineffective for failing to have asked each member of the Jury did juror Cobbs discuss her personal vies and connections about the case with them.

Id. at iii. Finding no reversible error, the Supreme Court of Virginia denied Collins' petition for appeal on April 20, 2016. Collins v. Clarke, No. 151665 (Va. Apr. 20, 2016).

Collins timely filed his federal habeas petition on June 10, 2016, and alleged the following claims for relief:

> (1) His counsel was constitutionally ineffective because they should have further questioned juror Denessa Cobbs after she informed the court she had prior knowledge of the case and persons connected to it.

> (2) His counsel was constitutionally ineffective because they should have asked each juror whether or not Cobbs discussed her personal views and connections to the case.[3]

> (3) His counsel was constitutionally ineffective because they should have raised a Batson claim on gender along with race.

> (4) His counsel was constitutionally ineffective because they should have polled the jury.

> (5) There was insufficient evidence to convict the petitioner of first-degree murder.

See Petition for Writ of Habeas Corpus (ECF No. 1).

---

[3] In his state habeas petition, Collins presented four ineffective assistance of counsel claims, including that counsel should have questioned Cobbs and that counsel should have questioned the jurors about Cobbs. These two claims were individually addressed by the state habeas court. In his federal habeas petition, he has combined the two into one claim (Ground 1). See Petition for Writ of Habeas Corpus (ECF No. 1). Because the claims were address separately by the state habeas court, they have been bifurcated and addressed separately below.

## II.   RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.   The State Habeas Court's Decisions on Collins' Exhausted Claims Were Not Contrary to, or an Unreasonable Application of, Clearly Established Federal Law.**

Exhausted state habeas claims are governed by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under the AEDPA, federal courts may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. §§ 2254(d)(1)-(2).

A state court's decision is contrary to clearly established federal law if the court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law, or decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established federal law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413; White v. Woodall, 134 S. Ct. 1697, 1706 (2014). To warrant relief, the state court's application must be "objectively unreasonable," not simply incorrect. Barnes v. Joyner, 751 F.3d 229, 238-39 (4th Cir. 2014) (citing Robinson v. Polk, 438 F.3d 350, 355 (4th Cir. 2006); Williams, 529 U.S. at 411). Finally, a state court makes an unreasonable determination of fact when its application of the law depends, in whole or in part, on a factual finding that is not supported by evidence in the record. See Wiggins v. Smith, 539 U.S. 510, 528 (2003).

6

1.    Ineffective Assistance of Counsel Claims (Claims 1, 2, 3, and 4)

Collins' first four claims for habeas relief allege that his counsel at trial was constitutionally ineffective.[4]  Necessarily, the Supreme Court of Virginia resolved each of these claims on the merits.  Thus, to obtain relief in this Court, Collins must overcome the standard set forth in Section 2254(d) by showing that the state court's conclusions were contrary to, or an unreasonable application of, clearly established United States Supreme Court precedent or were based on an unreasonable determination of the facts.

More specifically, in order for Collins to succeed on his ineffective assistance of counsel claims, he must demonstrate that the state court unreasonably applied the "performance" and "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).[5]  To satisfy the "performance" prong of the test, Collins must show that "counsel's representation fell below an objective standard of reasonableness" such that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  To satisfy the "prejudice" prong of the test, Collins must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.[6]  The underlying inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect."  Kimmelman v. Morrison, 477 U.S.

---

[4] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI.

[5] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Collins must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); see Strickland, 466 U.S. at 697. Likewise, the court can address the elements in any order. And the court reviews alleged errors of counsel individually, not cumulatively. Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998).

[6] The Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

365, 374 (1986). The difficult burden is on the petitioner to show that counsel's performance was deficient because "counsel is presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 687.

In addition to the presumption of reasonableness accorded to counsel's decisions, because the Supreme Court of Virginia rejected Collins' claims, review in this court is "doubly deferential." Burt v. Titlow, 134 S. Ct. 10, 13 (2013) (quoting Cullen v. Pinholster, 563 U.S. 170, 190 (2011)); see, e.g., Burr v. Lassiter, 513 F. App'x 327, 340 (4th Cir. 2013) (unpublished) ("[W]here the issue is whether the state court has unreasonably applied Strickland standards to an ineffective assistance of counsel claim, 'double deference' is required – deference to the state court judgment granting deference to trial counsel's performance."); see also Yarborough v. Gentry, 540 U.S. 1, 6 (2003). As many courts have noted, "[i]f this standard is difficult to meet, that is because it was meant to be," and "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." Burr, 513 F. App'x at 341 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011)).

The Supreme Court has recently stressed the "high bar" petitioners must overcome to state a Sixth Amendment Strickland claim following a state court's denial of habeas relief. Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (per curiam). Federal habeas review, as controlled by Congress' enactment of Section 2254, "exists as 'a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal.'" Id. at 5 (quoting Harrington, 562 U.S. at 102-03)). Thus, to warrant federal habeas relief, the state court must have issued a decision contrary to a "clearly established holding of [the Supreme Court]," such that the ruling "was so lacking in justification that there

was an error well understood and comprehended in existing law . . . ." Id. (quoting Harrington, 562 U.S. at 103). For example, in Woods, the Supreme Court reversed the Court of Appeals' grant of Section 2254 relief where defense counsel was absent from the courtroom for ten minutes of examination of a witness testifying to his client's codefendants' actions, and the state habeas court denied relief. Id. at 6 (quoting Lopez v. Smith, 135 S. Ct. 1, 4 (2014) (per curiam)) ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). Applying the foregoing standard, none of Collins' ineffective assistance claims present an "extreme malfunction[] in the state criminal justice system," warranting federal habeas relief. Id. at 5.

### i. Claim 1

In his first claim, Collins argues that his counsel was constitutionally ineffective for failing to further question juror Cobbs about what, if anything, she discussed with the jury concerning her knowledge of, or connection to, the case. Because the state habeas court's decision was not contrary to, or an unreasonable application of, Strickland, Collins' first claim should be dismissed.

On the second day of trial, juror Cobbs wrote a note to the trial court explaining that after hearing evidence on the first day, she realized that she knew the deceased victim's ex-girlfriend and had seen information about the case on Facebook for several weeks before trial. See Trial Tr. 259:7-9, Commonwealth v. Collins, Nos. CR12001773-04–CR12001773-11 (Va. Cir. Ct. Aug. 24, 2013) (hereinafter "Trial Tr."). The prosecutor and defense counsel agreed that juror Cobbs should be dismissed, and Collins' attorney asked the trial court to inquire into whether Cobbs had discussed anything that she saw on Facebook or elsewhere with the jury. The trial court conducted the following examination:

COURT: You can go ahead and have a seat, Ms. Cobbs. I have this note from you. I just wanted to ask you, have you discussed any of this with any of your fellow jurors?

COBBS: No.

COURT: They don't know anything about your knowledge of this case?

COBBS: I just know that I told them I seen somebody in the hall.

COURT: Okay. And that covers the extent of any conversations you might have had?

COBBS: Yes.

Id. at 260: 6-17. Following juror Cobbs's responses to the trial court, defense counsel did not seek to question her further. Collins argues that his counsel was constitutionally ineffective because he failed to probe further into what Cobbs may have said to the jury.

The state habeas court held that Collins' argument failed to satisfy both the "performance" and "prejudice" prong of Strickland.[7] As to defense counsel's performance, the habeas court explained that based on juror Cobbs's responses to the trial court judge, Collins' lawyer "could reasonably conclude that Ms. Cobbs did not tell any of the other jurors about what she knew about the case," and that ". . . . defense counsel made a reasonable strategic decision not to question Ms. Cobbs further." Final Order at 6, Collins v. Clarke, No. CL15006236-00 (Va. Cir. Ct. Aug. 27, 2015). In regard to prejudice, the court pointed out that Collins failed to "provide[] any evidence that the jury had received improper information about the case and a mistrial was warranted." Id.

The state habeas court's conclusion on the performance and prejudice prongs of Strickland was not contrary to clearly established federal law. Indeed, the court's conclusion

---

[7] For purposes of Section 2254 review, this court looks to the last reasoned state court judgment. See Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991). The Circuit Court for the City of Norfolk was the only state court to substantively address his claims.

was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. The decision offered a reasoned opinion applying Strickland and the presumption of reasonableness that is afforded to trial counsel's decision-making and tactics. In other words, it was reasonable strategy that fell within the "wide range" of acceptable professional assistance for defense counsel – after asking and causing the court to question juror Cobbs – to not seek further questioning.

As the state habeas court opined, there is no reason to believe that juror Cobbs's testimony was untruthful or incomplete. Her responses to the court's questions were enough for an objectively reasonable attorney to conclude that she had not shared any additional information with the jury. Importantly, as with his state filing, Collins did not provide this court with any evidence that there was additional information shared with the jury or that juror Cobbs rendered them impartial in any way.

Counsel's strategic choices are presumptively reasonable. See Cullen v. Pinholster, 131 S. Ct. 1388, 1404 (2011). Any one of the above reasons, among others not contemplated here, would justify the state habeas court's conclusion that defense counsel acted reasonably within the "wide range" of professional assistance contemplated by the Sixth Amendment. See Strickland, 466 U.S. at 689. And while further questioning may have been an acceptable strategy, Strickland mandates that the habeas court show deference to counsel's strategic decisions as long as they are objectively reasonable. See 466 U.S. at 687. In addition to finding counsel's actions reasonable, the state court also noted that – because no evidence to the contrary was offered – Collins failed to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Final Order

at 6, Collins v. Clarke, No. CL15006236-00 (Va. Cir. Ct. Aug. 27, 2015). Without any evidence that juror Cobbs lied and did in fact share information that tainted the jury, Collins' argument of prejudice is purely speculative. Thus, it was reasonable for the habeas court to conclude that he failed to satisfy the "prejudice" prong of Strickland. Accordingly, because the state habeas court's decision as to Collins' first claim was not contrary to, or an unreasonable application of, Strickland, it should be dismissed.

### ii. Claim 2

Collins' second claim, like the first, argues that his counsel was constitutionally ineffective because they did not question the remaining jurors about what, if anything, juror Cobbs told them about her personal relationship to the case. Because the state habeas court's decision was not contrary to, or an unreasonable application of, Strickland, Collins' second claim should be dismissed.

Citing the same reasons it gave for the first claim, the state habeas court held that Collins failed to satisfy both the "performance" and "prejudice" prong of Strickland. The court explained that Ms. Cobbs was asked explicitly whether she discussed her knowledge of the case with the jury, and she answered that she did not. See Trial Tr. 260: 6-17. Based on that response, "Ms. Cobbs' answers did not require each juror to be questioned." Final Order at 11, Collins v. Clarke, No. CL15006236-00 (Va. Cir. Ct. Aug. 27, 2015). And again, "[c]ounsels' conduct . . . [fell] within the 'wide range' of professional assistance." Id. (citing Strickland, 466 U.S. at 689).

For the same reasons mentioned above, there are reasonable explanations for why defense counsel would choose not to further press the issue about what juror Cobbs may have told the jury. Moreover, Collins did not produce any evidence that juror Cobbs had discussed the

case with the jury or that they were impartial as a result. Therefore, it was reasonable for the state habeas court to conclude that Collins failed to satisfy both the "performance" and "prejudice" prongs of Strickland. Accordingly, because the state habeas court's decision as to Collins' second claim was not contrary to, or an unreasonable application of, Strickland, it should be dismissed.

### iii. Claim 3

In his third claim, Collins argues that his counsel was constitutionally ineffective because they failed to raise a Batson challenge based on gender. During jury selection in Collins' case, ten male jurors were struck from the pool of potential jurors. The Commonwealth used three of its four peremptory strikes to remove men from the jury pool. Collins argues that this was impermissible, and that his counsel should have made a Batson motion to protect his right to a fair trial.[8] Because the state habeas court's decision was not contrary to, or an unreasonable application of, Strickland, Collins' third claim should be dismissed.

The state habeas court concluded that Collins failed to satisfy both the "performance" and "prejudice" prong of Strickland. See Final Order at 7, Collins v. Clarke, No. CL15006236-00 (Va. Cir. Ct. Aug. 27, 2015). In regard to performance, the state habeas court reasoned that defense counsel did not overlook the availability of a Batson challenge based on gender, but simply chose to pursue a different strategy by making the motion based on race. Id. (quoting William v. Kelly, 816 F.2d 939, 950 (4th Cir. 1987) ("[c]ounsel is not ineffective because he overlooks one strategy while vigilantly pursuing another."). While it was unclear to the state habeas court which jurors the Commonwealth used peremptory strikes to remove, the court still found no indication that any male jurors were struck because of their gender:

---

[8] In Batson v. Kentucky, the United States Supreme Court held that it is unconstitutional to strike jurors from a jury pool because of their race. 476 U.S. 79 (1986). The holding in that case was extended to include gender discrimination in J.E.B. v. Alabama, 511 U.S. 127 (1994).

[T]he record does show that all ten of the males struck from the venire had gender-neutral reasons for being excluded from the jury. Mr. Gray, Mr. Leondorf, and Mr. Manugo indicated during voir dire that they could not be impartial. (Trial Tr. 30, 36-38). Mr. Goldstein answered "maybe" when asked whether the fact his son was killed by a negligent driver would impair his ability to give a fact and impartial hearing. (Trial Tr. 23, 30). Mr. Aumon stated the [sic] he is on a number of medications that could affect his ability to serve on the jury. (Trial Tr. 26). Mr Spears has an uncle serving a life sentence in prison. (Trial Tr. 17). Mr. Kinney, Mr. Majors, and Mr. McGraw all served on juries in the past. (Trial Tr. 20-22). Lastly, the Commonwealth gave race-neutral (and gender-neutral) reasons for excluding Mr. Bullock based on his inattentiveness. (Trial Tr. 51).

Final Order at 8, Collins v. Clarke, No. CL15006236-00 (Va. Cir. Ct. Aug. 27, 2015).

Based on that evidence, the court concluded that "defense counsel made a reasonable strategic decision not to make a Batson motion based on gender." Id. (quoting Strickland, 466 U.S. at 689). The court also concluded that Collins failed to satisfy the "prejudice" prong of Strickland because he did not demonstrate that a Batson motion based on gender would have been successful. Id. at 9 (citing Robertson v. Commonwealth, 445 S.E.2d 713, 715 (Va. Ct. App. 1994) (Batson requires a defendant, confronted with a facially neutral explanation for a prosecutor's peremptory strikes, to show both that these reasons were merely pretextual and that race or gender was the real reason)). Again, Collins did not provide any evidence to show that the jury was impartial, or a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Final Order at 9, Collins v. Clarke, No. CL15006236-00 (Va. Cir. Ct. Aug. 27, 2015) (quoting Strickland, 466 U.S. at 694).

The state habeas court reasonably applied Strickland in concluding that Collins failed to satisfy either the "performance" or "prejudice" prongs. As the Final Order denying habeas relief noted, Collins has still proffered no evidence to show that the stated reasons for excluding each of the ten male jurors was pretextual and that male jurors were actually stricken because of their gender. And without any evidence to suggest gender-based discrimination, defense counsel

14

would have no reason to pursue a <u>Batson</u> motion on that ground. The fact that counsel did pursue a <u>Batson</u> motion based on race shows that they were conscious of the law and made strategic decisions based on the circumstances at the time. Collins' argument is also undermined by the fact that nearly half of the male jurors were removed because they openly admitted they could not be impartial towards Collins. Therefore, it was reasonable for the state habeas court to conclude that defense counsel's actions fell within the "wide range" of professional assistance contemplated by the Sixth Amendment. <u>Strickland</u>, 466 U.S. at 689. Further, without any evidence to support a gender-based <u>Batson</u> motion, the state habeas court reasonably concluded that Collins would not be able to satisfy the "prejudice" prong of <u>Strickland</u>, because he could not show that the result of his trial would have been any different had defense counsel made the motion. Accordingly, because the state habeas court's decision was not contrary to, or an unreasonable application of, <u>Strickland</u>, Collins' third claim for habeas relief should be dismissed.

### iv. Claim 4

Collins' fourth claim argues that his counsel was constitutionally ineffective because they failed to poll each individual juror after the verdict was returned. Because the state habeas court's decision was not contrary to, or an unreasonable application of, <u>Strickland</u>, Collins' fourth claim should be dismissed.

For this claim, the state habeas court held that Collins failed to satisfy both the "performance" and "prejudice" prongs of <u>Strickland</u>. As to performance, the court stated that polling a jury is not a constitutional requirement, but is a matter left to the discretion of trial counsel. <u>See</u> Final Order at 9, <u>Collins v. Clarke</u>, No. CL15006236-00 (Va. Cir. Ct. Aug. 27, 2015). It held that, "unless counsel has some reason to believe that polling would be useful,

counsel's failure to ask that the jury be polled is not ineffective assistance." Id. at 10 (citing United States v. Costa, 691 F.2d 1358, 1363-64 (11th Cir. 1982); United States v. Gerardi, 586 F.2d 896, 899 (1st Cir. 1978)). Collins did not provide evidence or argue "that at the time the jury returned its verdict his counsel had any indication that the verdict was not unanimous. Thus, Collins [] failed to show that his counsel's performance was deficient." See Final Order at 10, Collins v. Clarke, No. CL15006236-00 (Va. Cir. Ct. Aug. 27, 2015). As to prejudice, the court stated that without evidence that the verdict was not unanimous, "Collins has not shown a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 694).

The state habeas court's decision reasonably applied Strickland to Collins' fourth claim. Collins again failed in this court to produce any evidence that his defense counsel should have acted in a particular fashion. Jury polling is not a constitutional guarantee for criminal defendants, and so it would not be ineffective assistance unless "professional norms" dictated that counsel poll the jury. See United States v. Carter, 772 F.2d 66, 67 (4th Cir. 1985) ("We can find no authority which holds that the right to a [jury] poll is of constitutional dimension"); see also Strickland, 466 U.S. 690. It was reasonable for the state court to conclude that, without any indication that the jury verdict was not unanimous, defense counsel acted reasonably and professionally when deciding not to poll the jury. To that end, without showing that defense counsel acted unprofessionally, Collins cannot show that he was prejudiced by the decision not to poll the jury. Id. at 694. Because the state habeas court's decision was not contrary to, or an unreasonable application of, Strickland, Collins' fourth claim should be dismissed.

2.     Insufficiency of the Evidence Claim (Claim 5)

Finally, Collins argues that he is being held in violation of the United States Constitution because the evidence used to convict him of first-degree murder was insufficient.[9]  Because Collins exhausted this claim on his direct appeal, the court looks to the Court of Appeals of Virginia's decision to assess whether it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

An essential element to the right to due process secured by the Fourteenth Amendment to the Federal Constitution is that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979) (citing In re Winship, 397 U.S. 358 (1970)).  Therefore, a petitioner who alleges that the evidence was insufficient to sustain a conviction has stated a constitutional claim cognizable in a federal habeas corpus proceeding, id. at 321, but he faces a high bar.

In reviewing a sufficiency of the evidence claim, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original).  The reviewing court must consider circumstantial as well as direct evidence, and allow the prosecution the benefit of all reasonable inferences from the facts proven

---

[9] On direct appeal, Collins challenged the sufficiency of the evidence as to several of his convictions. See Collins v. Commonwealth, No. 1656-13-1 (Va. Ct. App. Mar. 13, 2014).  In this Petition for Writ of Habeas Corpus, Collins only challenges the sufficiency of the evidence used to convict him of first-degree murder.

to those sought to be established. <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th Cir. 1982).

As the Supreme Court has expressly recognized, it is wholly the responsibility of the fact-finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences. <u>Jackson</u>, 443 U.S. at 319. In <u>Wright v. West</u>, the Supreme Court expounded upon <u>Jackson</u>, stating:

> In <u>Jackson</u>, we emphasized repeatedly the deference owed to the trier of fact and, correspondingly, the sharply limited nature of constitutional sufficiency review. We said that "<u>all of the evidence</u> is to be considered in the light most favorable to the prosecution"; that the prosecution need not affirmatively "rule out every hypothesis except that of guilt"; and that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."

505 U.S. 277, 296-97 (1992) (internal citations omitted) (emphasis in original).

Again, through the lens of Section 2254, the court looks first to the state court's decision. Here, the Court of Appeals of Virginia conducted a full review of Collins' claim that there was insufficient evidence to convict him. <u>See Collins v. Commonwealth</u>, No. 1656-13-1 (Va. Ct. App. Mar. 13, 2014) (per curiam). Thus, Collins is only entitled to relief if that determination was an unreasonable application of the above-cited Supreme Court precedent. The undersigned finds that it was not. Based on the evidence presented at trial, and as discussed by the Court of Appeals, there was adequate evidence for a rational trier of fact to find all the elements of first-degree murder.

Based on a review of the trial record, the Court of Appeals of Virginia accurately and succinctly summarized the facts as follows:

> [T]he evidence proved that on March 18, 2012 [Collins] and a friend arrived at a party. [Collins] soon engaged in a verbal altercation with Antoine Stewart. [Collins] walked away and returned a short time later with a firearm. [Collins]

18

fired the weapon, killing Stewart and injuring another guest.  Three witnesses positively identified [Collins] as the gunman.

Id.

Virginia adheres to the common law definition of murder: The unlawful killing of another with malice aforethought.  Wood v. Commonwealth, 124 S.E. 458, 459 (Va. 1924).  And in Virginia, "[m]urder, other than capital murder . . . by any willful, deliberate, and premeditated killing . . . is murder of the first degree."  Va. Code Ann. § 18.2-32.  "To premeditate means to adopt a specific intent to kill. . ."  Smith v. Commonwealth, 261 S.E.2d 550, 553 (1980).  That intent "may be formed only a moment before the fatal act is committed provided the accused had time to think and did intend to kill."  Giarratano v. Commonwealth, 266 S.E.2d 94, 100 (1980).

Here, there was ample evidence from which a rational trier of fact could have found all the elements of first-degree murder, based on an unlawful killing that was willful, deliberate, and premeditated.  See Va. Code Ann. § 18.2-32.  Accordingly, the Virginia Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law on due process.

To begin with, three individuals identified Collins as the person who shot the victim. These witnesses testified to the altercation between Collins and the deceased victim, that Collins left, and that he returned and shot the victims.  While, Collins argued to the Virginia Court of Appeals that the witnesses were intoxicated and one of them (the surviving victim) initially stated that he did not know who shot him, the appellate court properly held that "'[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.'"  Collins v. Commonwealth, No. 1656-13-1 (Va. Ct. App. Mar. 13, 2014) (per curiam) (quoting Sandoval v. Commonwealth, 455 S.E.2d 730, 732 (1995)).  And although Collins argues now that the

evidence was insufficient to convict him because no murder weapon was ever found, the elements of first-degree murder could be, and were proven beyond a reasonable doubt based on the evidence presented at trial. In other words, a rational juror could find that Collins was the person that fired the fatal shots based on the witness testimony, despite the fact that the actual murder weapon was not produced at trial.

The Court of Appeals of Virginia, viewing this evidence in the light most favorable to the Commonwealth, held that there was sufficient evidence to sustain Collins' conviction. That conclusion was not unreasonable. Therefore, Collins has failed to show that he is being held in violation of the Due Process Clause of the Fourteenth Amendment. Accordingly, Collins is not entitled to federal habeas relief on his fifth claim.

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss (ECF No. 10) be GRANTED and that Collins' petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and all of his claims DISMISSED with prejudice.

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.    A district judge shall make a <u>de novo</u> determination of those portions of this

report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 16, 2016.

**<u>Clerk's Mailing Certificate</u>**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Hunter D. Collins
1279773
Sussex II State Prison
24427 Musselwhite Dr.
Waverly, Virginia 23891

Aaron J. Campbell
Office of the Attorney General
202 North 9th St.
Richmond, Virginia 23219

Fernando Galindo, Clerk

By_____
Deputy Clerk

December 16, 2016

22